**CAPE HENRY BIRD CLUB, an unincorporated association, et al., Appellants,**

**and**

**Conservation Council of Virginia, Inc., and National Wildlife Federation, Inc., et al., Intervening Plaintiffs,**

**v.**

**Melvin R. LAIRD, Secretary of Defense of the United States of America, et al., Appellees.**

**CAPE HENRY BIRD CLUB, an unincorporated association, et al., Plaintiffs,**

**and**

**National Wildlife Federation, Inc., et al., Appellants,**

**v.**

**Melvin R. LAIRD, Secretary of Defense of the United States of America, et al., Appellees.**

**Nos. 73–1606, 73–1607.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 13, 1973.

Decided Sept. 18, 1973.

Gladys Kessler, Washington, D. C. (Berlin, Roisman & Kessler, and Oliver Houck, Washington, D. C., on brief), for appellants in Nos. 73–1606 and 73–1607.

Dirk D. Snel, Atty., U. S. Dept. of Justice (Wallace H. Johnson, Asst. Atty. Gen., Leigh B. Hanes, Jr., U. S. Atty., Paul R. Thompson, Jr., Asst. U. S. Atty., Edmund B. Clark and Irwin L. Schroeder, Attys., U. S. Dept. of Justice, on brief), for Federal appellees in Nos. 73–1606 and 73–1607.

Erwin S. Solomon, Hot Springs, Va. (Erwin S. Solomon & Associates, on

brief), for appellee, Bd. of Supervisors of Bath County, Va., in Nos. 73–1606 and 73–1607.

William T. Wilson, Covington, Va., for appellee, Covington-Alleghany County Chamber of Commerce, Inc., and James River Basin Assn. in Nos. 73–1606 and 73–1607.

C. B. Mattox, Jr., City Atty., and James R. Saul, Asst. City Atty., on brief for appellee, City of Richmond.

William E. Carson, City Atty., on brief for appellee, City of Covington, Va.

C. W.· Allison, Jr., Commonwealth Atty., Covington, Va., on brief for appellee, Alleghany County, Va., in Nos. 73–1606 and 73–1607.

Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

We believe that the district court correctly decided the issues raised in this appeal, and we affirm on the basis of the district court's opinion, 359 F.Supp. 404.

■ In our view, sections 1252(b)(1) and (b)(3) of the Federal Water Pollution Control Act Amendments of 1972,[1] by their very terms, are not applicable to this project. The dam is neither in the survey or planning stage, nor is it before Congress for authorization or construction. Those stages have long since passed.

■ Inasmuch as the requirements of the National Environmental Policy Act, 42 U.S.C. § 4331 et seq., are applicable to this project, the district judge quite appropriately ordered the Corps of Engineers to supplement their final Environmental Impact Statement so as to include the view of the Administrator of the Environmental Protection Agency. His view was that the 1972 Amendments were applicable and that no value for water quality storage could be assigned as a benefit in the dam project. The Environmental Impact Statement will appropriately reflect those views.

Affirmed.

---

1. 33 U.S.C. 1252.

Those sections provide that:

(b)(1) In the survey or planning of any reservoir by the Corps of Engineers, Bureau of Reclamation, or other Federal agency, consideration shall be given to inclusion of storage for regulation of streamflow, except that any such storage and water releases shall not be provided as a substitute for adequate treatment or other methods of controlling waste at the source.

(b)(3) The need for, the value of, and the impact of, storage for water quality control shall be determined by the Administrator, and his views on these matters shall be set forth in any report or presentation to Congress proposing authorization or construction of any reservoir including such storage.